IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT C. JANOIKO,<br><br>       Plaintiff,<br><br>   vs.<br><br>SCOTT COX,<br><br>       Defendant. | 1:06-cv-01405-GSA-PC<br><br>ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO OBEY A COURT ORDER AND FAILURE TO PROSECUTE<br><br>ORDER FOR CLERK TO CLOSE CASE |

Plaintiff is a former prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on September 22, 2006. (Doc. 1.) The parties to this action consented to Magistrate Judge jurisdiction, and on April 9, 2009, this case was assigned to the undersigned Magistrate for all further proceedings, including trial and final judgment. (Doc. 35.)

On December 10, 2009, the undersigned issued an order requiring plaintiff to file an opposition or statement of non-opposition to the motion for summary judgment filed by defendant Cox on September 22, 2009, within thirty days. (Doc. 39.) The thirty day period has now expired, and plaintiff has not filed an opposition, a non-opposition, or otherwise responded to the court's order.

In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending for more than three years. Plaintiff's failure to respond to the Court's order may reflect Plaintiff's disinterest in prosecuting this case. In such an instance, the Court cannot continue to expend its scarce resources assisting a litigant who will not help himself by complying with a court order or filing an opposition to defendant's motion for summary judgment of this action. Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to comply with the court's order requiring him to file a response to defendant's motion for summary judgment that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiff is proceeding in forma pauperis in this action, making monetary sanctions of little use, and given the early stage of these proceedings, the preclusion of evidence or witnesses is not available. However, inasmuch as the dismissal being considered in this case is without prejudice, the Court is stopping short of issuing the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal. Id. at 643.

Accordingly, IT IS HEREBY ORDERED that this action is DISMISSED without prejudice, based on plaintiff's failure to obey the court's order of December 10, 2009, and his failure to prosecute this action.

IT IS SO ORDERED.

**Dated:   January 29, 2010**                    **/s/ Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE