IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT C. JANOIKO, | 1:06-cv-01405-GSA-PC |
| Plaintiff, | |
| vs. | ORDER DENYING MOTION TO REOPEN CASE (Doc. 39.) |
| SCOTT COX, | |
| Defendant. | |

## I. BACKGROUND

Robert C. Janoiko ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action. Plaintiff filed the complaint commencing this action on September 22, 2006, against defendant Scott Cox ("Defendant"). (Doc. 1.) The parties to this action consented to Magistrate Judge jurisdiction, and on April 9, 2009, this case was assigned to the undersigned Magistrate Judge for all further proceedings, including trial and final judgment. (Doc. 35.) The action was dismissed by the undersigned on January 29, 2010, based on Plaintiff's failure to comply with the court's order of December 10, 2009 and failure to prosecute this action. (Doc. 40.) On April 21, 2010, Plaintiff filed a motion to reopen the case. (Doc. 43.)

## II. MOTION FOR RECONSIDERATION

Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983)

1

(en banc). The Local Rules provide that when filing a motion for reconsideration, a party show that the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 78-230(k)(3).

## II.     DISCUSSION

Plaintiff brings a motion for the court to reopen this action, arguing that he was unable to comply with the court's order of December 10, 2009 because he did not receive a copy of the order. Plaintiff also contends that he did not receive a copy of Defendant's motion for summary judgment and was therefore unable to defend his case.

A review of the court's docket shows that on September 22, 2006, when Plaintiff filed this action, he was incarcerated at the Bob Wiley Detention Facility ("BWDF") in Visalia, California. (Doc. 1.) The court served Plaintiff with court documents at BWDF between September 22, 2006 and March 12, 2007. On March 12, 2007, Plaintiff filed a notice of change of address, indicating that he was no longer in jail and was residing at a street address in Porterville, California. (Doc. 21.) The court changed Plaintiff's address of record and began serving him at the Porterville address. There is no indication on the court's record between March 12, 2007 and February 22, 2010 that Plaintiff changed addresses or was not receiving his mail at the Porterville address.

On September 22, 2009, Defendant filed a motion for summary judgment, indicating on the proof of service that Plaintiff was served at the Porterville address. (Doc. 36.) Plaintiff failed to file a response to the motion for summary judgment within the twenty-one-day time period allowed under Local Rule 230(l). On December 10, 2009, the court issued an order requiring Plaintiff to file a response to the motion for summary judgment within thirty days. (Doc. 39.) The court's order forewarned Plaintiff that "[I]f Plaintiff fails to comply with this order, this action will be dismissed, with prejudice, for failure to obey the Court's order and failure to prosecute." Id. The thirty-day time period passed, and Plaintiff failed to comply with the court's order. On January 29, 2010, the court dismissed this action for failure to obey the court's order and failure to prosecute, and judgment was entered. (Docs. 40, 41.) Plaintiff was served with a copy of the dismissal order and the judgment at his Porterville address. On February 22, 2010, the dismissal order and judgment were returned by

2

the United States Postal Service as undeliverable. On March 10, 2010, Plaintiff filed a notice of change of address, dated March 6, 2009, informing the court of his "new" mailing address at Wasco State Prison. (Doc. 42.)

**Local Rules 182 & 183**

Pursuant to Local Rule 183(b), a party appearing in propria persona is required to keep the court apprised of his or her current address at all times. If a party moves and fails to notify the court of any change in his address, service at the party's prior address is fully effective. Local Rule 182(f). Plaintiff argues that he did not receive a copy of the court's order requiring him to respond to the motion for summary judgment. The court's record shows that a copy of the order was served on Plaintiff at his address of record on December 10, 2009. Therefore, under Rule 182(f), the court's service of the order was fully effective. Plaintiff has provided no evidence, and there is no evidence on the court's record, that service upon Plaintiff by the court or by Defendant in this action was improper, or that any other grounds exist for reconsideration of the court's order dismissing this action.

**III.   CONCLUSION**

Based on the foregoing, the Court finds that Plaintiff has not shown good cause or any new or different facts or circumstances to warrant reconsideration by the court of its order dismissing this action. Therefore, IT IS HEREBY ORDERED that Plaintiff's motion to reopen this case is DENIED.

IT IS SO ORDERED.

Dated:   **April 26, 2010**            /s/ **Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE

3