IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT C. JANOIKO, | 1:06-cv-01405-GSA-PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S SECOND MOTION TO REOPEN CASE |
| vs. | |
| SCOTT COX, | (Doc. 45.) |
| Defendant. | |

## I. BACKGROUND

Robert C. Janoiko ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action. Plaintiff filed the complaint commencing this action on September 22, 2006, against defendant Scott Cox ("Defendant"). (Doc. 1.) The parties to this action consented to Magistrate Judge jurisdiction, and on April 9, 2009, this case was assigned to the undersigned Magistrate Judge for all further proceedings, including trial and final judgment. (Doc. 35.) The action was dismissed by the undersigned on January 29, 2010, based on Plaintiff's failure to comply with the court's order of December 10, 2009 and failure to prosecute this action. (Doc. 40.) On April 21, 2010, Plaintiff filed a motion to reopen the case, which was denied. (Docs. 43, 44.) On May 13, 2020, Plaintiff filed a second motion to reopen the case. (Doc. 45.)

## II. MOTION FOR RECONSIDERATION

The Court has discretion to reconsider and vacate a prior order. Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir. 1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir. 1992).

1

1  Motions to reconsider are committed to the discretion of the trial court.  <u>Combs v. Nick Garin</u>
2  <u>Trucking</u>, 825 F.2d 437, 441 (D.C. Cir. 1987); <u>Rodgers v. Watt</u>, 722 F.2d 456, 460 (9th Cir. 1983)
3  (en banc).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce
4  the court to reverse its prior decision.  See <u>Kern-Tulare Water Dist. v. City of Bakersfield</u>, 634
5  F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d
6  514 (9th Cir. 1987).  When filing a motion for reconsideration, Local Rule 230(j) requires a party to
7  show the "new or different facts or circumstances claimed to exist which did not exist or were not
8  shown upon such prior motion, or what other grounds exist for the motion."  L.R. 230(j).

9  **II.    DISCUSSION**

10      Plaintiff brings a motion to reopen his case, on the grounds that he has a disability, cannot
11  read well, and has a difficult time understanding forms.  Plaintiff explains that he had a friend
12  helping him, but now he is without assistance.

13      This court is faced with similar cases almost daily, in which the plaintiff is a layman who is
14  not well versed in the law.  The court has reviewed the record in this case and finds that Plaintiff is
15  not unable to respond timely to court documents.  Plaintiff's case was dismissed for his failure to
16  respond to the court's order directing him to prosecute this action by filing an opposition to the
17  Defendant's motion for summary judgment.  Plaintiff failed to respond to the motion for summary
18  judgment and the court's order for more than four months before the case was dismissed.  Plaintiff
19  was forewarned in the court's order of December 10, 2009 that "[I]f Plaintiff fails to comply with this
20  order, this action will be dismissed, with prejudice, for failure to obey the Court's order and failure to
21  prosecute."  (Doc. 39.)  Plaintiff has not offered any new information of a strongly convincing nature
22  to induce the court to reverse its prior decision.

23      Accordingly, Plaintiff's second motion to reopen this case is DENIED.

24
25      IT IS SO ORDERED.
26      Dated:   **May 14, 2010**            **/s/ Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE
27
28
                                              2