IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT C. JANOIKO, | 1:06-cv-01405-GSA-PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S THIRD MOTION TO REOPEN CASE |
| vs. | |
| SCOTT COX, | (Doc. 47.) |
| Defendant. | |
| _____/ | |

**I.    BACKGROUND**

Robert C. Janoiko ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action. Plaintiff filed the complaint commencing this action on September 22, 2006, against defendant Scott Cox ("Defendant"). (Doc. 1.) The parties to this action consented to Magistrate Judge jurisdiction, and on April 9, 2009, this case was assigned to the undersigned Magistrate Judge for all further proceedings, including trial and final judgment. (Doc. 35.) The action was dismissed by the undersigned on January 29, 2010, based on Plaintiff's failure to comply with the court's order of December 10, 2009 and failure to prosecute this action. (Doc. 40.) On April 21, 2010, Plaintiff filed a motion to reopen the case, which was denied. (Docs. 43, 44.) On May 13, 2020, Plaintiff filed a second motion to reopen the case, which was denied. (Docs. 45, 46.) On June 8, 2010, Plaintiff's filed a third motion to reopen this case. (Doc. 47.)

1

## II. MOTION FOR RECONSIDERATION

The Court has discretion to reconsider and vacate a prior order. Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir. 1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir. 1992). Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987). When filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." L.R. 230(j).

## III. DISCUSSION AND CONCLUSION

Plaintiff brings a third motion to reopen his case, arguing that he has a serious vision problem, is on medication, and needs the assistance of an attorney. Plaintiff explains that it was not his fault that he failed to comply with the court's order, because a friend had been responding to the court's orders on his behalf. Plaintiff has not offered any new information of a strongly convincing nature to induce the court to reverse its prior decision. Accordingly, Plaintiff's third motion to reopen this case is DENIED.

IT IS SO ORDERED.

Dated: **June 10, 2010**   **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE

2